■ In the Matter of the Estate of RAYMOND W. O'DONNELL, Deceased. MARY I. ROCHE, Appellant-Respondent; JOYCE A. ANDERSON, Respondent-Appellant. — Cross appeals from a decree of the Surrogate's Court of Washington County (Remsen, S.), entered October 1, 1981, which dismissed the petition and denied the probate of the last will and testament of decedent upon the ground the execution thereof was procured by undue influence. Raymond W. O'Donnell, decedent herein, died a resident of Hudson Falls, Washington County, on November 21, 1980, at the age of 76. A last will and testament, dated August 29, 1980, which left all of his property and estate, except an automobile, to his sister, was offered for probate by her as the executrix named therein by petition dated December 11, 1980. Objections thereto were duly filed by Joyce A. Anderson, decedent's only child, his wife having predeceased him some seven years prior to his death. Upon trial of the objections, and in answer to specific questions submitted to it for determination, the jury found that the execution of the will of decedent dated August 29, 1980, was produced by the undue influence of his sister, Mary Irene Roche. A decree was entered to that effect which also awarded certain disbursements and receiving commissions to petitioner Mary Irene Roche. Both parties appeal from that degree. In our view, there is ample support for the determination of the jury. The contestant offered proof to show that for many years a good relationship existed between decedent and his daughter and, as a result of failing health during the last three years of his life, Joyce Anderson and her husband lived with and cared for decedent. On many occasions decedent stated that he intended to leave his house to his daughter, it being, substantially, the only asset of his estate. In fact, he executed a will dated May 23, 1975, which left his entire estate, except his automobile, to Joyce Anderson, naming her executrix therein. In August, 1980, decedent's sister moved from the Chicago area into the home of decedent, who, between August 15, 1980 and September 9, 1980, was, intermittently, a patient at the Glens Falls Hospital suffering from serious respiratory ailments which ultimately resulted in death on November 21, 1980. It was during one of these periods of hospitalization, and in the presence of petitioner, that the will of August 29, 1980, was executed, disinheriting his daughter and naming petitioner the residuary beneficiary. Uncontradicted medical evidence offered by contestant described decedent as acutely ill, close to death, and significantly impaired during this period. Other testimony of the course of conduct of petitioner and statements made by her to third parties relating directly to her intention to influence decedent in the final disposition of his property furnish sound basis for the jury to determine that in the final analysis, decedent was left with no alternative of doing other than what he did. Although it is recognized that there are inherent difficulties in describing with absolute

precision what constitutes undue influence, the contestant sustained her burden of proof by a preponderance of the evidence, and the verdict of the jury should be upheld (*Matter of Anna,* 248 NY 421; *Matter of Elmore,* 42 AD2d 240). Additionally, the awards of disbursements and receiving commissions made to petitioner for her services to the estate in the sale of decedent's residence were proper and in the considered discretion of the Surrogate. Decree affirmed, with costs to each party payable out of the estate. Mahoney, P. J., Kane, Casey, Mikoll and Levine, JJ., concur.